**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------X

AMERICAN FREEDOM DEFENSE INITIATIVE;
PAMELA GELLER; and ROBERT SPENCER,

        Plaintiffs,

    - against -

METROPOLITAN TRANSPORTATION AUTHORITY
("MTA"); and JAY H. WALDER, in his official
capacity as Chairman and Chief Executive Officer
of MTA,

        Defendants.

-------------------------------------------------------------------X

## ECF CASE

Case No. **10-civ-5947**



COMPLAINT

RECEIVED
AUG 06 2010
U.S.D.C. S.D.N.Y.
CASHIERS

       Plaintiffs American Freedom Defense Initiative (hereinafter referred to as "FDI"), Pamela Geller, and Robert Spencer ("Plaintiffs"), by and through their undersigned counsel, bring this Complaint against the above-named Defendants (also collectively referred to as "MTA"), their employees, agents, and successors in office, and in support thereof allege the following upon information and belief:

### INTRODUCTION

    1.    This case seeks to protect and vindicate fundamental constitutional rights. It is a civil rights action brought under the First and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983, challenging Defendants' restriction on Plaintiffs' right to engage in protected speech in a public forum created by Defendants based on the content and viewpoint of Plaintiffs' message (hereinafter "Free Speech Restriction"). Defendants' Free Speech Restriction prohibited Plaintiffs from displaying advertisements on MTA buses that travel throughout the City of New York.

    2.    Plaintiffs seek a declaration that Defendants violated their clearly established constitutional rights as set forth in this Complaint; a declaration that Defendants' Free Speech

1

Index of
Exhibits | Exhibits 1 | Exhibits 2 | Exhibits 3 | Exhibits 4 | Exhibits 5

Restriction violates the United States Constitution and 42 U.S.C. § 1983 as set forth in this Complaint; a temporary, preliminary, and permanent injunction enjoining the enforcement of Defendants' Free Speech Restriction as set forth in this Complaint; and nominal damages for the past loss of Plaintiffs' constitutional rights. Plaintiffs also seek an award of reasonable costs of litigation, including attorneys' fees and expenses, pursuant to 42 U.S.C. § 1988 and other applicable law.

## JURISDICTION AND VENUE

3.    This action arises under the Constitution and laws of the United States. Jurisdiction is conferred on this Court pursuant to 28 U.S.C. §§ 1331 and 1343.

4.    Plaintiffs' claims for declaratory and injunctive relief are authorized by 28 U.S.C. §§ 2201 and 2202, by Rules 57 and 65 of the Federal Rules of Civil Procedure, and by the general legal and equitable powers of this Court. Plaintiffs' claim for nominal damages is authorized by 42 U.S.C. § 1983.

5.    Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this district.

## PLAINTIFFS

6.    Plaintiff FDI is an organization that is incorporated under the laws of the State of New Hampshire. FDI's specific objective is to go on the public relations offensive when legal, academic, legislative, cultural, sociological, and political actions are taken to dismantle our basic freedoms and values.

7.    FDI achieves its objective through a variety of lawful means, including through the exercise of its right to freedom of speech under the U.S. Constitution.

8.    FDI exercises its right to freedom of speech and promotes its objectives by, *inter alia*, sponsoring religious freedom bus and billboard campaigns.  To that end, FDI purchases advertising space on bus lines operated in cities throughout the United States, including MTA vehicles operating in New York City, to express itself on public and religious issues.

9.    Plaintiff Pamela Geller is the Executive Director of FDI, and she engages in protected speech through FDI's activities, including FDI's religious freedom bus and billboard campaigns.

10.    Plaintiff Robert Spencer is the Associate Director of FDI, and he engages in protected speech through FDI's activities, including FDI's religious freedom bus and billboard campaigns.

## DEFENDANTS

11.    Defendant MTA is a public benefit corporation created by New York state law. MTA and its officials are responsible for the acts, rules, regulations, policies, practices, procedures, and/or customs of MTA, including the challenged restriction on Plaintiffs' speech (Free Speech Restriction).

12.    Defendant Jay H. Walder, at all times relevant herein, was the Chairman and Chief Executive Officer of MTA.  As Chairman and Chief Executive Officer, Defendant Walder is responsible for creating, adopting, and enforcing the rules, regulations, policies, practices, procedures, and/or customs of MTA, including the challenged restriction on Plaintiffs' speech (Free Speech Restriction).  Defendant Walder is sued in his official capacity.

## STATEMENT OF FACTS

13.    As a governmental agency, MTA is mandated to comply with federal and state laws, including the First and Fourteenth Amendments to the United States Constitution.

14.     By policy and practice, MTA has intentionally dedicated its advertising space on its vehicles, including its public buses, to expressive conduct (hereinafter "Free Speech Policy").

15.     Pursuant to its Free Speech Policy, MTA permits a wide variety of commercial, noncommercial, public-service, public-issue, political, and religious advertisements on the outside of its vehicles.

16.     For example, pursuant to its Free Speech Policy, MTA permitted a religious group, Muslims for Peace, to run an advertisement on 90 public buses.  The advertisement stated, "Muslims for Peace, Love for All, Hatred for None, 1-800-WHY-ISLAM."  A true and accurate photograph of this advertisement is attached to this Complaint as Exhibit 1.

17.     Pursuant to its Free Speech Policy, MTA permitted the display of "Jesus for Jews" posters on the interior advertising space of MTA subways and on MTA's advertising space in Times Square Station in Manhattan.   A true and accurate photograph of this advertisement is attached to this Complaint as Exhibit 2.  And the MTA permitted an atheist group, the Big Apple Coalition of Reason, to display an advertisement stating, "A million New Yorkers are good without God.  Are you?"  A true and accurate photograph of this advertisement is attached to this Complaint as Exhibit 3.

18.     In fact, pursuant to its Free Speech Policy, MTA permitted Plaintiffs to display a religious freedom advertisement on its vehicles that stated the following: "Fatawa on your head?  Is your family or community threatening you?  Leaving Islam?  Got questions?  Get answers!"  The advertisement also included the following website address: RefugeFromIslam.com.  (hereinafter "Religious Freedom Advertisement").  A true and accurate copy of the Religious Freedom Advertisement is attached to this Complaint as Exhibit 4.  This advertisement was displayed on MTA buses from approximately May 17, 2010, to approximately June 13, 2010.

19.     In addition to New York City, FDI has successfully run its Religious Freedom Advertisement in Miami-Dade County, Florida, and in San Francisco, California.

20.     On or about July 20, 2010, FDI entered into an advertising agreement with CBS Outdoor, which acts as the advertising agent for MTA, to place a new advertisement on MTA buses in New York City (hereinafter referred to as "CBS-FDI Agreement").  This advertisement related to the plan to build what has been termed the "Ground Zero Mosque" at 45-47 Park Place in Manhattan.

21.     CBS charged FDI's credit card for full payment pursuant to the CBS-FDI Agreement and was thus paid in full.

22.     The new bus advertisement has at one side a picture of the Twin Towers aflame with a plane headed toward them.  On the opposite side of the banner is a tower with a crescent moon and star.  The text between the two buildings is: "Why There?"  Below this text is the following:

September 11, 2001   GROUND ZERO     September 11, 2011
WTC Jihad Attack←------------------------→WTC Mega Mosque

A true and accurate copy of this advertisement is attached to this Complaint as Exhibit 5 (hereinafter referred to as "Original GZM Bus Advertisement").

23.     On or about July 28, 2010, Mr. Will Tingle, FDI's contact at CBS Outdoor for the MTA bus advertisements, informed Plaintiff Geller by telephone that the MTA refused to run FDI's advertisement on MTA buses because the plane that appeared to be flying into the Twin Towers was objectionable.  When Plaintiff Geller asked him why and to identify for her the specific MTA advertising guideline that FDI's advertisement violated, Mr. Tingle could not say.

24.     Plaintiff Geller immediately had her graphic artist remove the plane, and she submitted the revised advertisement to MTA through CBS (hereinafter referred to as "Revised

GZM Bus Advertisement"). A true and accurate copy of the Revised GZM Bus Advertisement

is attached to this Complaint as Exhibit 6.

25.     On July 28, 2010, Plaintiff Geller emailed Mr. Tingle and asked him whether the

Revised GZM Bus Advertisement was now acceptable to MTA. Mr. Tingle, on behalf of MTA,

indicated there was still a problem and responded as follows to Plaintiff Geller's email queries:

> Pamela,
>
> The problem with this ad still is the direct connection that is being associated with the Twin Towers attack and the new Mosque that is being erected. There is no connection and that is what is being deceifered (sic) here.
>
> I am out of the office tomorrow and Friday in Philadelphia and Washington on market rides but I am reachable by cell (see below) or e-mail.
>
> Best,
>
> Will

26.     After Plaintiff Geller placed repeated telephone calls to Mr. Tingle to gain some

clarity about the MTA guidelines and if in fact the Revised GZM Bus Advertisement would be

acceptable to MTA, on August 5, 2010, Plaintiff Geller finally reached Mr. Tingle by telephone.

After apologizing for not returning Plaintiff Geller's many calls, he reported to her that MTA

required the flames around the Twin Towers to be removed because it too closely associated the

Ground Zero Mosque with 9-11. He said the sponsors of the Ground Zero Mosque had publicly

stated that they were not connected to the terrorists who committed 9-11 so it would be "hurtful"

if FDI's advertisement suggested otherwise. Plaintiff Geller responded by asking what business

is it of MTA to determine the proper viewpoint of her speech. Plaintiff Geller explained that FDI

was making the point that it is wrong to build the Ground Zero Mosque a few hundred feet from

the very place where the Twin Towers went down in a fiery heap after two jet airliners, which

were piloted by Islamic terrorists, flew into the buildings like missiles. She further emphasized

that MTA's censorship was diluting and effectively changing her message. Mr. Tingle insisted that if FDI would just get rid of the flames, the advertisement may run.

27. Immediately that same day, August 5, Plaintiff Geller had her graphic artist remove the flames around the Twin Towers, but she reinserted a graphic of a plane, but not near the Twin Towers and not in a menacing flight pattern as in the Original GZM Bus Advertisement (hereinafter referred to as "Second Revised GZM Bus Advertisement"). A true and accurate copy the Second Revised GZM Bus Advertisement is attached to this Complaint as Exhibit 7.

28. After receipt of the Second Revised GZM Bus Advertisement, Mr. Tingle, on behalf of MTA, told Plaintiff Geller to remove the plane graphic altogether. Plaintiff Geller did so under protest in a return email. A true and accurate copy of this third revised advertisement (hereinafter referred to as "Third Revised GZM Bus Advertisement") is attached to this Complaint as Exhibit 8.

29. Defendants gave Plaintiffs no choice. If Plaintiffs did not edit, dilute, and change their message per Defendants' demands, then the advertisement would not be allowed to run.

30. FDI objects to Defendants' censorship, which is effectively editing and thus suppressing the viewpoint FDI is attempting to express in its message. That viewpoint is that there is a connection between the Ground Zero Mosque and the terrorist attack of 9-11.

## FIRST CLAIM FOR RELIEF

### Freedom of Speech—First Amendment
### (42 U.S.C. § 1983)

31. Plaintiffs hereby incorporate by reference all stated paragraphs.

32. By reason of the aforementioned Free Speech Restriction, created, adopted, and enforced under color of state law, Defendants have deprived Plaintiffs of their right to engage in protected speech in a public forum in violation of the Free Speech Clause of the First

Amendment as applied to the states and their political subdivisions under the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983.

33.     Defendants' Free Speech Restriction is content- and viewpoint-based in violation of the Free Speech Clause of the First Amendment.

34.     Defendants' Free Speech Restriction operates as a prior restraint on Plaintiffs' protected speech in violation of the Free Speech Clause of the First Amendment.

35.     As a direct and proximate result of Defendants' violation of the Free Speech Clause of the First Amendment, Plaintiffs have suffered irreparable harm, including the loss of their constitutional rights, entitling them to declaratory and injunctive relief and nominal damages.

## SECOND CLAIM FOR RELIEF

### Equal Protection—Fourteenth Amendment
### (42 U.S.C. § 1983)

36.     Plaintiffs hereby incorporate by reference all stated paragraphs.

37.     By reason of the aforementioned Free Speech Restriction, created, adopted, and enforced under color of state law, Defendants have unconstitutionally deprived Plaintiffs of the equal protection of the law guaranteed under the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983, in that Defendants, through their acts, policies, practices, procedures, and/or customs, including their Free Speech Restriction, prevented Plaintiffs from expressing a message based on its content and viewpoint, thereby denying the use of a public forum to those whose views Defendants find unacceptable.

38.     As a direct and proximate result of Defendants' violation of the Equal Protection Clause of the Fourteenth Amendment, Plaintiffs have suffered irreparable harm, including the

loss of their constitutional rights, entitling them to declaratory and injunctive relief and nominal damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs ask this Court:

A)      to declare that Defendants' Free Speech Restriction violates the First and Fourteenth Amendments to the United States Constitution as set forth in this Complaint;

B)      to temporarily, preliminarily, and permanently enjoin Defendants' Free Speech Restriction and its application to Plaintiffs' speech as set forth in this Complaint;

C)      to award Plaintiffs nominal damages for the past loss of their constitutional rights as set forth in this Complaint;

D)      to award Plaintiffs their reasonable attorney fees, costs, and expenses pursuant to 42 U.S.C. § 1988 and other applicable law; and

E)      to grant such other and further relief as this Court should find just and proper.

LAW OFFICES OF DAVID YERUSHALMI, P.C.

_____
David Yerushalmi, Esq. (Ariz. Bar No. 009616;
DC Bar No. 978179; Cal. Bar No. 132011; NY Bar No. 4632568)
640 Eastern Parkway, Suite 4C
Brooklyn, NY  11213
david.yerushalmi@verizon.net
(800) 714-9650; (646) 262-0500

THOMAS MORE LAW CENTER
Robert J. Muise, Esq.* (P62849)
24 Frank Lloyd Wright Drive
P.O. Box 393
Ann Arbor, MI 48106
rmuise@thomasmore.org
(734) 827-2001
*Subject to admission *pro hac vice*

<u>CIVIL COMPLAINT</u>

*American Freedom Defense Initiative; Pamela Geller; & Robert Spencer*
*v.*
*Metropolitan Transportation Authority ("MTA"); and Jay H. Walder, in his official capacity as*
*Chairman and Chief Executive Officer of MTA*


## INDEX OF EXHIBITS

Exhibit 1          "Muslims for Peace" Advertisement

Exhibit 2          "Jesus for Jews" Advertisement

Exhibit 3          "Million New Yorkers Without God" Advertisement

Exhibit 4          "Religious Freedom" Advertisement

Exhibit 5          Original Ground Zero Mosque Bus Advertisement

Exhibit 6          Revised Ground Zero Mosque Bus Advertisement

Exhibit 7          Second Revised Ground Zero Mosque Bus Advertisement

Exhibit 8          Third Revised Ground Zero Mosque Bus Advertisement

# EXHIBIT 1



# EXHIBIT 2



# EXHIBIT 3



# EXHIBIT 4

# EXHIBIT 5



**WHY THERE?**

SEPTEMBER 11, 2001
WTC JIHAD ATTACK

GROUND ZERO

SEPTEMBER 11, 2011
WTC MEGA MOSQUE

SIOAonline.com

# EXHIBIT 6



# EXHIBIT 7



# EXHIBIT 8



WHY THERE?

SEPTEMBER 11, 2001
WTC JIHAD ATTACK

GROUND ZERO

SEPTEMBER 11, 2011
WTC MEGA MOSQUE

SIOAonline.com